# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH WILLIS GIBBS-EL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | 1:12-cv-1255-TWP-DKL |
| ) | |
| SUPERINTENDENT, Miami Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Kenneth Willis Gibbs-El ("Gibbs-El") for a writ of habeas corpus must be denied and the action dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

Gibbs-El challenges the revocation of his parole pursuant to his 1984 conviction for attempted murder.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is 'no,' the petition is

barred either for failure to exhaust state remedies or for procedural default." *Id.*

The inquiry in this case centers on exhaustion. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)(internal quotations and citations omitted). In particular, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009).

Under Indiana law, "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

Gibbs-El has not followed this path prior to filing his petition for writ of habeas corpus. Specifically, Gibbs-El filed a state petition for writ of habeas corpus in the Hendricks Superior Court. This was the county in which Gibbs-El was confined at the time, and the state habeas action was transferred to the trial court, that being the Floyd Superior Court. Summary disposition was entered in favor of respondents on November 27, 2007. Gibbs-El appealed this decision with the Indiana

Court of Appeals and on June 17, 2008, the appeal was dismissed without prejudice to Gibbs-El's right to file a successive petition for post-conviction relief. Gibbs-El, however, did not file a motion for leave to file a successive petition for post-conviction relief. Instead, he filed a new state petition for writ of habeas corpus in LaPorte County. The LaPorte County court entered summary disposition in favor of respondents on April 3, 2009, recognizing the doctrine of *res judicata* as to the claims already disposed of in the Floyd Superior Court's ruling of November 27, 2007. Gibbs-El appealed and his appeal was dismissed with prejudice by the Indiana Court of Appeals on October 27, 2009. Gibbs-El then filed a state petition for writ of habeas corpus in the Miami Circuit Court on July 19, 2010. The state petition was denied on October 5, 2010, and Gibbs-El did not appeal.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). Here, Gibbs-El has not yet exhausted his state court remedies as he may still seek leave to file a successive petition for post-conviction relief. The proper procedure is for this court to dismiss Gibbs-El's action, without prejudice, and allow him to continue his challenge in the Indiana courts as contemplated by the Indiana Court of Appeals' ruling of June 17, 2008, if he elects to do so.

Judgment consistent with this Entry shall now issue. The dismissal of the action shall be **without prejudice**.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Gibbs-El has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/12/2012 _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Kenneth W. Gibbs-El
DOC #30344
Miami Correctional Facility
3038 West 850 South
P.O. Box 900
Bunker Hill, IN 46914

Electronically registered counsel