# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH WILLIS GIBBS-EL, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>SUPERINTENDENT, Miami Correctional Facility, )<br>)<br>Respondent. ) | 1:12-cv-1255-TWP-DKL<br><br>CA #13-1092 |

## Entry Denying Requests to Proceed on Appeal *In Forma Pauperis,* for the Appointment of Counsel, and for a Certificate of Appealability

### I.

In this action Kenneth Willis Gibbs-El sought a writ of habeas corpus. It was filed on September 5, 2012, and was dismissed without prejudice on December 12, 2012.

Early on in the case, Gibbs-El filed, and the court denied, his motion for the appointment of counsel. He then filed a renewed request for the appointment of counsel in his motion filed on November 21, 2012. The court ruled on the habeas petition without specifically addressing the renewed request for the appointment of counsel.

As was noted previously, a habeas petitioner has no constitutional entitlement to the appointment of counsel, but that step is authorized by statute, 18 U.S.C. § 3006A(a)(2)(B), "[w]henever . . . the court determines that the interests of justice so require." The court also concluded in that same Entry of October 2, 2012,

that it was not in the interests of justice that counsel be appointed for Gibbs-El, noting that his "claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner's *pro se* status will be made and that the petitioner has at least thus far demonstrated adequate ability to express and present his claims." Those same factors warranted the same ruling as to the renewed request for the appointment of counsel. That ruling is now made explicit and the motion [Dkt. 17] is **denied**.

## II.

'The petitioner seeks leave to proceed on appeal without prepayment of the appellate fees of $455.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.* There is no objectively reasonable argument the petitioner could present to argue that the disposition of this action was erroneous. In pursuing an appeal, therefore, the petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [Dkt. 23] is **denied**.

## III.

The petitioner's renewed request for a certificate of appealability [Dkt. 24] is **denied** for the same reason that was given in the final paragraph of the Entry of December 12, 2012.

**IT IS SO ORDERED.**

Date: 01/15/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Kenneth W. Gibbs-El
DOC #30344
Miami Correctional Facility
3038 West 850 South
P.O. Box 900
Bunker Hill, IN 46914

**Electronically Registered Counsel**